**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3560-17T1

ELIZABETH FERNANDES
and ANTOINE EL-GHOUL,

     Plaintiffs-Appellants,

v.

NIRAJ JIVANI and RASIK
JIVANI,

     Defendants-Respondents.

_____

Submitted September 16, 2019 – Decided January 8, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0286-17.

Epstein Ostrove, LLC, attorneys for appellants (Daniel Neil Epstein and Christopher J. Portée, on the briefs).

Cerminaro & Associates, attorneys for respondents (Dominic J. Cerminaro, on the brief).

PER CURIAM

In this commercial tenancy dispute, plaintiffs Elizabeth Fernandes and Antoine El-Ghoul appeal from the Law Division's April 25, 2018 final judgment that was entered after a bench trial. The judgment dismissed their complaint that was based upon an alleged violation of the lease and nonpayment of rent. The trial judge rejected plaintiffs' claim that they did not authorize defendants Niraj Jivani and Rasik Jivani to make alterations at the subject premises, and found no merit to defendants' claim that they were justified in their withholding of rent because plaintiffs failed to maintain the property in a habitable condition. On appeal, plaintiffs challenge the trial judge's findings of facts, arguing that they were unsupported by the evidence.

We affirm the judge's determination regarding defendants' alleged breach of the parties' lease based upon defendants making alterations to the premises because the trial judge's findings were well supported by the credible evidence. However, we are constrained to remand the matter to the trial judge for reconsideration of the dismissal of the complaint for nonpayment of rent in light of his determination that defendants were not entitled to withhold rent for damages and repairs that were not plaintiffs' responsibility.

Plaintiffs are married to each other. Fernandes individually owned a commercial building in New Brunswick that was comprised of two storefronts

A-3560-17T1

(premises). On October 17, 2007, she leased a portion of the premises to her husband, pursuant to a written lease. That same day, El-Ghoul assigned the lease to Rasik.[1]

The lease's initial term was for five years, terminating in 2012. The monthly rent for the term was $3000 and it increased to $3500 per month for the first five-year renewal period. Under the lease, the tenant was required to take good care of the premises and make all repairs necessary to keep the premises in good condition. The lease prohibited the tenant from making any "alterations, additions or improvements" to the premises without the prior written consent of the landlord. It also contained a provision for the payment of reasonable attorneys' fees as additional rent when they are incurred "in connection with [t]enant['s] performance of this lease."

Before assigning the lease, El-Ghoul operated a hair salon from one of the storefronts at the premises but relocated that business to the second floor of an adjacent building. After the assignment, El-Ghoul remained responsible for supervising the premises, which included, according to Fernandes, checking on the property regularly and directing the tenant to take action if it was for "the benefit of

---

[1] We refer to defendants by their first names for clarity and to avoid any confusion caused by their common last name.

A-3560-17T1

the property."  Fernandes, who was otherwise employed and involved in other financial pursuits, left the management of the premises to El-Ghoul and had not been to the property more than once or twice since the lease was assigned to defendants. According to El-Ghoul, he was responsible for "the whole operation."

Rasik is Niraj's father.  After the lease assignment, Niraj operated a restaurant on the premises.  The other business being operated by another tenant at the adjoining storefront was a Mexican restaurant.

Prior to the expiration of the initial lease term, Rasik renewed it for another five years, terminating in October 2017.  In July and August 2016, defendants withheld the monthly rent because a flood, allegedly caused by the landlord's faulty construction of a retaining wall, damaged the premises and resulted in lost business. As it turned out, it was the owners of the adjoining restaurant who constructed the wall that caused flooding at the premises.  Plaintiffs made repairs to the wall to stop the flooding.

Unrelated to the flood damage, in August 2016, defendants began making renovations to the premises to improve their business.  Previously, they hired an architect to prepare plans that they submitted in early 2016 to the City of New Brunswick for approval.  Defendants received construction permits on August 4, 2016 and on the same day, the permits were placed in one of the restaurant's

4

windows. They also placed a sign in the window to put customers on notice that the restaurant would be temporarily closed for renovations.

According to Niraj, before the renovations began, he called Fernandes about the proposed renovations, and he had multiple conversations with El-Ghoul about them as well. According to Fernandes, she never saw the plans for the proposed work. An electrician who was installing light fixtures at the restaurant saw El-Ghoul at the restaurant several times while he was working. El-Ghoul did not recall when exactly he noticed the permit in the window of the restaurant allowing the construction, but it was seeing the permit and the construction that prompted him to call the police and Fernandes.

Fernandes contacted the New Brunswick building department to inform the City that defendants did not have her permission to alter the premises. However, the City had on file a July 1, 2016 typewritten letter (July Letter) it had received on July 14, 2016, that was purportedly sent from and signed by Fernandes stating she was granting permission to defendants to move ahead with the proposed alterations. According to Fernandes, the July Letter was forged, and she never gave defendants written permission to make the renovations.

There was varying testimony about how the letter got from Fernandes to New Brunswick and when the parties became aware of the letter's existence. Niraj

A-3560-17T1

originally testified that El-Ghoul handed the July Letter to Neil Raciti, an employee at the restaurant, who then gave it to Niraj, though Niraj never observed that occurrence. Niraj later testified that El-Ghoul gave the July Letter to him directly. An email dated August 19, 2016 from defendants' counsel states Niraj was told by the City that Fernandes sent the July Letter authorizing the alterations. Fernandes denied signing the July Letter and testified that El-Ghoul did not give it to Raciti. El-Ghoul stated that Fernandes did not sign the letter and he had never seen it prior to the City producing it.

In any event, Fernandes sent a handwritten letter dated August 9, 2016 (August Letter), to New Brunswick stating that the July Letter was forged. On August 10, 2016, the City issued a stop work order to halt defendants' construction at the premises.

Fernandes sent defendants a written notice of default on August 17, 2016, for nonpayment of rent and for breaching the lease by commencing unauthorized alterations. On September 20, 2016, Fernandes served defendants with a notice of termination and demand for removal for the nonpayment of rent, failing to obtain her permission to perform the renovations, and for failing to keep the premises in good condition.

6

On October 7, 2016, plaintiffs filed an action for summary dispossession against defendants, and in January 2017, the case was transferred to the Law Division. The bench trial took place over five days in March 2018.

On March 23, 2018, the trial judge issued an oral decision, explaining his reasons for finding defendants in default for failing to pay rent, and that the landlord had given written permission to defendants to make the disputed renovations. In his decision, the judge addressed the witnesses' credibility and explained why he found that as to the matters in dispute, it was "a credibility issue between primarily" Niraj, El-Ghoul, and Fernandes.

During his discussion about credibility, the judge mentioned that Niraj had been indicted but acquitted on a charge of perjury. The judge stated that he could not "really give much comment on [it], because [it was] not really before [him]," but he did note the witnesses, "particularly" Niraj, "testified contrary . . . to testimony that they gave in other proceedings, such as the criminal proceeding." The judge concluded that none of their testimony was credible because, among other reasons, it contradicted documentary evidence and did not "make sense."

As to defendants' withholding of rent based on their alleged habitability defense, the judge found that plaintiffs had nothing to do with the flood and were not obligated to make the required repairs. As to the authenticity of the July

Letter, he found that discrepancies in how defendants obtained the allegedly forged document were not dispositive. Further, he found plaintiffs were on notice of the renovations because El-Ghoul observed the work being done sometime between August 4 and August 9, 2016.

The judge ultimately found the evidence as to the authenticity of the July Letter was in "equipoise" because plaintiffs failed to meet their burden to prove it was forged. Looking at the signatures on the lease, the July Letter, and the August Letter, the judge observed the signatures did not "look much different," and he noted there was no expert testimony about the alleged forgery. He concluded that given "the lack of credibility of . . . El-Ghoul and [Niraj] . . . there[ was] no way [he could] make a determination that the landlord did or did not give . . . written permission" through the July Letter.

The trial judge found that, regardless of the July Letter's authenticity, plaintiffs' withholding of consent and sending the August Letter to New Brunswick was motivated by their perception that defendants were bad tenants,[2]

---

[2] The trial judge also recounted that there was prior litigation between the parties over which he presided that resulted in a judgment against defendants and that there was an ongoing dispute about defendants' performance required by the June 14, 2016 judgment entered in that matter.

and that alone was an insufficient basis under the lease for plaintiffs to withhold permission to perform the renovations. This appeal followed.

On appeal, plaintiffs argue that they were entitled to a judgment of possession and attorneys' fees based on defendants' withholding of rent. As to the judge's findings about the alterations and the July Letter, they contend that the judge's findings were not supported by the evidence, his conclusions were based upon a misinterpretation of the lease, and he erred by considering Niraj's acquittal in the criminal case and by allowing the electrician to testify because defendants failed to identify him as a witness until the second day of trial.

In an appeal from a bench trial, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial" in accordance with a deferential standard. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). The factual findings and legal conclusions of the trial judge are not disturbed unless we are "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Trust Created by Agreement Dated Dec.

20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We owe no deference, however, to a trial court's interpretation of the law and the legal consequences that flow from established facts. D'Agostino, 216 N.J. at 182-83.

Applying our deferential standard of review, we conclude that the trial judge's conclusions about the disputed July Letter and the alterations were supported by substantial evidence in the record. We find plaintiffs' arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Suffice it to say, plaintiffs' contentions about inaccuracies in the judge's findings or his mentioning of the related criminal trial do not support a reversal on that issue as argued by plaintiffs. We agree that there was insufficient evidence in the record for the judge to conclude the letter was forged. In the civil context, forgery, as a form of fraud, must be proven by clear and convincing evidence. See Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 395 (App. Div. 1989) (stating that claims of fraud must be proven by clear and convincing evidence).

We reach a different conclusion as to plaintiffs' nonpayment of rent claim. Although the judge found that there was no basis to hold plaintiffs' responsible for the alleged flood damage to the premises, he never addressed the fact that

the withholding of rent constituted a failure to pay rent warranting the entry of a judgment for possession, with defendants being given until the end of business on the day of the judgment to pay the amount owed. See N.J.S.A. 2A:18-55. Under these circumstances, we are constrained to remand the matter to the trial judge for entry of a judgment for possession in favor of plaintiffs, fixing the amount defendants must pay as rent, including as additional rent if appropriate, attorneys' fees, by the close of business on the same day in order for them to remain in possession. See Hodges v. Sasil Corp., 189 N.J. 210, 221 (2007).

Affirmed in part; remanded in part for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11